JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALEXANDER BOLDEN,<br><br>Petitioner,<br><br>v.<br><br>FELICIA PONCE, Warden,<br><br>Respondent. | Case No. 2:20-cv-03870-JFW-MAA<br><br>**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION** |

On April 28, 2020, Petitioner Steven Alexander Bolden, a federal inmate incarcerated at the Federal Correctional Institution, Terminal Island ("Terminal Island"), filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Section 2241"). ("Petition," ECF No. 1.) Petitioner presently is serving a sentence imposed by the United States District Court for the Western District of Washington in *United States v. Bolden*, No. 2:13-cr-00201-RSM. (*Id.* at 1.) The Petition challenges "Living Conditions" at Terminal Island in light of the COVID-19 pandemic. (*Id.* at 2.) Petitioner asserts that his continued incarceration violates the Eighth Amendment because Terminal Island has instituted insufficient social distancing measures, that his right to equal protection is implicated because other federal inmates have been released due to the pandemic, and that Terminal Island

has not provided adequate meal provisions or means for exercise. (*Id.* at 12-16.) Petitioner seeks immediate release on the basis that his life allegedly is endangered by his continued incarceration due to the ongoing COVID-19 pandemic. (*Id.* at 16-17; *see also id.* at 10-11.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). Additionally, a federal court is obligated to consider *sua sponte* whether it has jurisdiction over a Section 2241 petition. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). Because it plainly appears from the face of the Petition that Petitioner is not entitled to relief in this district, the Court DENIES the Petition.

*First*, to the extent Petitioner challenges the conditions of his confinement, the request for relief exceeds the Court's jurisdiction under Section 2241. Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (concluding that challenges to "the manner in which [a] sentence was executed," or to "the fact or duration of . . . confinement," are properly brought in habeas petitions pursuant to Section 2241). A habeas corpus petition brought

pursuant to Section 2241 is the proper vehicle for a federal inmate's challenge to the manner, location, or conditions of a sentence's execution. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). To the extent a federal inmate challenges his conditions of confinement, or to the extent the inmate seeks damages or injunctive relief for civil rights violations, the inmate's claims are properly brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Tucker*, 925 F.2d at 332.

Here, Petitioner admits that he does not challenge his conviction or sentence. (Petition at 2.) Instead, he seeks release on the basis of his "Living Conditions" at Terminal Island. (*Id.*) Petitioner's allegations sound in civil rights, not in habeas. Although Petitioner requests relief in the form of release from prison (*see* Petition at 16-17), which is within the ambit of a writ of habeas corpus, Petitioner's claims challenge the conditions of his confinement and are properly the subject of a civil rights complaint, "[d]espite the relief he seeks." *Shook v. Apker*, 472 F. App'x 702, 702-03 (9th Cir. 2012); *see, e.g.*, *Allah v. Warden*, No. CV 17-05201 AG (RAO), 2017 U.S. Dist. LEXIS 145293, at *4-5 (C.D. Cal. Aug. 31, 2017) (concluding that *Bivens* was the appropriate vehicle for a petitioner's challenges to conditions of confinement, "even if [the p]etitioner had requested release from custody or some other appropriate habeas relief"). Because Petitioner admittedly does not challenge his conviction or sentence, Section 2241 is not the proper vehicle for Petitioner's claims.[1]

*Second*, to the extent Petitioner seeks modification of his sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1) because of the COVID-

---

[1] Although the Court has discretion to construe the Petition as a civil rights complaint, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006), the Court declines to exercise such discretion here.

3

19 pandemic, Petitioner has directed his request to the wrong court and mistaken his legal basis for potential relief. Under the First Step Act of 2018, 132 Stat. 5194, Congress allowed federal inmates to seek compassionate release directly from the district court if the BOP denies, or fails to timely act on, an administrative request for the release. *See* 18 U.S.C. § 3582(c)(1). As relevant here, eligible defendants may seek sentence reduction under that provision for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A).

This Court cannot reach the merits of Petitioner's request because it has no authority to grant release under § 3582(c)(1)(A). Only the original sentencing court can entertain such requests. *See United States v. Rala*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . ."); *Rodriguez-Aguirre v. Hudgins*, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence."); *Thody v. Swain*, No. CV 19-09641-PA (DFM), 2019 U.S. Dist. LEXIS 226582, at *4, 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court."); *Mohrbacher v. Ponce*, No. CV 18-00513-DMG (GJS), 2019 U.S. Dist. LEXIS at *2 & n.1, 2019 WL 161727, at *1 & n.l (C.D. Cal. Jan. 10, 2019) (same).[2]

---

[2] While the Ninth Circuit has yet to announce its agreement with this rule in a published opinion, there is no reason to think it will diverge from the same straightforward interpretation unanimously shared by the federal courts. *See, e.g.*, *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 U.S. Dist. LEXIS 69290, at *4, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 U.S. Dist. LEXIS 57602, at *5-6, 2019 WL 1472889, at *2 (W.D. Tex. Apr. 3, 2019) ("[B]ecause a motion filed under § 3582 requests modification of a sentence,

Petitioner may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district. "District courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241." *Ray v. Finley*, No. 3:19-CV-0988, 2019 U.S. Dist. LEXIS 186979, at *10, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019). That is because relief under Section 2241 is available only if an inmate is being held in custody under an unlawful conviction or sentence. But Petitioner admits he is not challenging the legality of his conviction or sentence; instead, he simply wants release due to pandemic "Living Conditions." (*See* Petition at 2.) The Court has no jurisdiction under Section 2241 to entertain Petitioner's compassionate release request. *See Rodriguez-Aguirre*, 739 F. App'x at 490 (affirming dismissal of Section 2241 petition for compassionate release because petitioner "did not challenge the legality of his conviction or sentence"); *Himmel v. Upton*, No. 4:18-CV-804-O, 2019 U.S. Dist. LEXIS 38319, at *5, 2019 WL 1112923, at *2-3 (N.D. Tex. Mar. 11, 2019) (dismissing Section 2241 petition because compassionate release request for medical reasons does "not allege [petitioner] is in custody as a result of a constitutional violation"); *Maestro v. Ives*, No. CV 14-1069 R(JC), 2014 U.S. Dist. LEXIS 161149, at *5 n.4, 2014 WL 6389370, at *2 n.4 (C.D. Cal. Nov. 13, 2014) (Because Petitioner cannot claim he is in custody in violation of the Constitution, "request for a reduced sentence [under § 3582(c)] is not cognizable on federal habeas review.").

///

///

///

---

it follows that such a motion must be filed in the district court which imposed the sentence." (quoting *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003))).

The Petition is DISMISSED for lack of jurisdiction. Judgment dismissing this action without prejudice will be entered accordingly.[3]

IT IS SO ORDERED.

DATED: May 1, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

---

[3] Nothing in this order prevents Petitioner from filing a compassionate release request in the United States District Court for the Western District of Washington, Case No. 2:13-cr-00201-RSM. *See Mohrbacher*, 2019 U.S. Dist. LEXIS, at *3, 2019 WL 161727, at *1 (dismissing action "without prejudice to Petitioner (or the Director of the Bureau of Prisons) filing any appropriate sentence reduction motion in the sentencing court"). He may, however, need to administratively exhaust his claim in the BOP first. *See* 18 U.S.C. § 3582(c)(1)(A). Nothing in this order is intended to suggest that exhaustion is unnecessary or futile. *See Rala*, 954 F.3d at 595 (requiring "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement"); *United States v. Bess*, No. 16-cr-156, 2020 U.S. Dist. LEXIS 71056, at *10-11, 2020 WL 1940809, at *5 (W.D.N.Y. Apr. 22, 2020) (deciding that "section 3582(c)(1)(A)'s exhaustion requirement may be excused" for equitable reasons so long as inmate diligently pursued administrative relief). Petitioner remains free to raise those arguments anew in the sentencing district if he refiles there.

6